UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| CENTURY SENIOR SERVICES, a partnership<br><br>Plaintiff<br><br>v.<br><br>CONSUMER HEALTH BENEFIT ASSOCIATION, INC., a corporation. MAGNOLIA TECHNOLOGIES CORPORATION, a corporation, and NATIONAL BENEFITS CONSULTANTS, LLC, a limited liability company,<br>                Defendants. | CIVIL ACTION NO.<br>_____ |

**COMPLAINT FOR INTERPLEADER**

Plaintiff CENTURY SENIOR SERVICES ("CSS"), files this Complaint for Interpleader pursuant to 28 U.S.C. §§ 1335, 1397, and 2361. In support of this Complaint, Plaintiff shows this Court the following:

**Jurisdiction and Venue**

1. This is an action for interpleader regarding commission payments payable pursuant to certain agreements among and between defendants MAGNOLIA TECHNOLOGIES CORPORATION ("Magnolia"), CONSUMER HEALTH BENEFIT ASSOCIATION, INC. ("CHBA"), NATIONAL BENEFITS CONSULTANTS, LLC ("NBC") and Plaintiff CSS.

2. CSS is a partnership with two (2) partners. One partner is an Illinois corporation with its principal place of business in Illinois. The other partner is a Florida corporation with its principal place of business in Florida. Thus, CSS is a citizen of both Illinois and Florida.

3. CHBA, a Missouri corporation with its principal place of business in Missouri, is a citizen of Missouri.

4.      Magnolia, a Florida corporation with its principal place of business in Broward County, Florida, is a citizen of Florida.

5.      NBC, a Florida limited liability company with its principal place of business in Broward County, Florida, is a citizen of Florida.

6.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1335 because at least "two or more adverse claimants of diverse citizenship…are claiming…to be entitled to" the commission payments at issue.

7.      Venue is proper in this District because the principal place of business of at least one Defendant (Magnolia) is located in this District.

**Factual Allegations**

8.      In March 2007, CHBA, NBC, and CSS entered into an agreement ("the Second Amended Administrative Agreement") in which CSS agreed to help administer certain benefit plans designed and marketed by CHBA and NBC. A redacted copy of the Second Amended Administrative Agreement is Exhibit A to this Complaint.

9.      Specifically, the Second Amended Adminstrative Agreement required CSS to "[b]ill, collect and refund, as necessary, all benefit members' fees" and to "calculate, record, and distribute commissions as directed by" CHBA based on the member fees collected. *See* Exhibit A, ¶¶ 2.03(A) and (D).

10.     CHBA and NBC also entered into an agreement with Magnolia ("the Representative Contract") allowing Magnolia to present and sell membership in CHBA/NBC's benefits plans. A copy of the Representative Contract is Exhibit B to the Complaint.

11.     The Representative Contract provided that when Magnolia sold CHBA/NBC

memberships, the fees for those membership were collected by CSS, which then calculated the commission due.

12.     CHBA/NBC would then direct CSS to pay to Magnolia the commissions earned by Magnolia for the sale of the memberships.

13.     Pursuant to the parties' course of dealing through March 2010, CHBA/NBC directed CSS to pay to Magnolia commissions it earned based on its sale of such memberships. Payments were made on the 10th day of each month.

14.     However, in March 2010, CHBA/NBC directed CSS not to pay the earned commissions to Magnolia and, instead, to hold the funds because CHBA/NBC claimed that they, and not Magnolia, were entitled to the commission payments.

15.     Because the Second Amended Administrative Agrement requires CSS to distribute commissions "as directed by" CHBA, CSS did not pay the earned commissions to Magnolia in April, May, and June, 2010.

16.     Because CHNBA/NBC'S directive to hold the commission payments earned by Magnolia was open-ended, CSS continues to withhold payment to Magnolia.

17.     On June 18, 2010, Magnolia made a demand for the commissions. A copy of Magnolia's demand letter is attached as Exhibit C.

18.     CSS is in doubt as to whether Magnolia or CHBA/NBC is entitled to the earned commission payments since April 2010.

### Claim for Interpleader

19.     CSS hereby restates and fully incorporates the allegations of Paragraphs 1 – 18 as if fully restated here.

20.     CSS has received competing claims from CHBA/NBC and from Magnolia for

payment of the commissions for April, May, and June 2010.

21.     CSS is now, and at all times has been, ready and willing to pay the commissions to the Defendant(s) legally entitled to them.

22.     CSS is merely an innocent stakeholder and claims no beneficial interest in the commissions, except for payment of its reasonable attorney fees and all costs incurred in bringing this action.

23.     Given the conflicting claims of the rival Defendants to the commissions, CSS cannot pay the commissions without danger of incurring multiple liability, assuming responsibility of determining doubtful questions of fact and law and incurring the risk of being subjected to costs and expenses in defending itself in a multiplicity of suits or the possibility of multiple payments of the commissions due.

24.     CSS is prepared, with leave of court, to deposit the commissions for April, May, and June 2010, as well as all accrued interest, into the registry of the Court to abide final resolution of the case or further order of the Court.

25.     All conditions precedent to bringing this action have been satisfied or waived.

WHEREFORE, Plaintiff CSS respectfully requests that:

(a)     Defendants be ordered to answer and present their claims to the commissions;

(b)     The Court issue an Order enjoining Defendants from instituting or prosecution any action against CSS for the recovery of the commissions or any portion of the commissions;

(c)     CSS be allowed to pay the commissions for April, May, and June 2010, into the registry of this Court;

(d)     Defendants be required to interplead and settle amongst themselves their rights to

the commissions;

(e) CSS, after payment of its admitted obligation of the commissions earned in April, May, and June, 2010, plus accrued interest, into the registry of the Court, be discharged from any further liability arising from the dispute between CHBA/NBC and Magnolia as to the commissions and be dismissed from this action with prejudice;

(f) CSS recover its costs and attorney fees in connection with this action; and

(g) This Court order such other and further relief as it deems just and equitable.

Respectfully submitted, this 12th day of July, 2010.

|  |  |
|---|---|
| | /s/ Rachel R. Krause |
| | Joelle C. Sharman |
| | Florida Bar No. 0045070 |
| LEWIS BRISBOIS BISGAARD & SMITH LLP | jsharman@lbbslaw.com |
| 1180 Peachtree St., NE | Rachel R. Krause |
| Suite 2900 | Florida Bar No. 582522 |
| Atlanta, Georgia  30309 | rkrause@lbbslaw.com |
| Telephone: (404) 348-8585 | |
| Facsimile: (404) 467-8845 | COUNSEL FOR PLAINTIFF |

4810-4353-0502.1